NO. 07-08-0051-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 19, 2008

______________________________


BENNY JOE PALOMO,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee

_________________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF RANDALL COUNTY;

NO. 2006-1390-L; HON. RONNIE WALKER, PRESIDING
__________________________________

ON MOTION TO DISMISS
__________________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Â Â Â Â Â Â Â Â Â Â Appellant Benny Joe Palomo, by and through his attorney, has filed a motion to
dismiss his appeal because he no longer desires to prosecute it. Without passing on the
merits of the case, we grant the motion to dismiss pursuant to Texas Rule of Appellate
Procedure 42.2(a) and dismiss the appeal. Having dismissed the appeal at appellantâs
request, no motion for rehearing will be entertained, and our mandate will issue forthwith.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice
Do not publish.



="62" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light Grid"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0252-CR

Â 

IN THE
COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL D

Â 

 APRIL 20, 2010



Â 



Â 

SERGIO ESTRADA, Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant


v.

Â 

THE STATE OF TEXAS,Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

_____________________________

Â 

FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

Â 

NO. 2008-421,687; HONORABLE CECIL G.
PURYEAR, PRESIDING

Â 



Â 

Memorandum
Opinion

Â 



Â 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Â Â Â Â Â Â Â Â Â Â Â  Sergio
Estrada was convicted of failing to register as a sex offender.Â  He claims the trial court erred in failing to
grant his motion to suppress his oral confession because he gave it while in
custody and without having received any warnings in violation of Miranda v. Arizona and art. 38.22 of the
Code of Criminal Procedure.Â  We affirm the
judgment. 

Â Â Â Â Â Â Â Â Â Â Â  Appellant
was on deferred adjudication for sexually assaulting a child.Â  Officer Jeff Davis testified he went to the
apartment where appellant claimed to be living on October 8, 2008.Â  He spoke to appellantÂs neighbors and to the
apartment manager and learned that appellant had moved out of the apartment
several months earlier.Â  Davis then went
to appellantÂs place of employment and spoke to appellant in the parking
lot.Â  The two of them proceeded to DavisÂ
car where his recording device was activated and Davis asked appellant
questions about where he was living.Â 
During this recording, appellant confessed to not having registered his
change of address as required by art. 62.055 of the Code of Criminal Procedure.
Â Davis claimed that appellant was neither
handcuffed nor under arrest at the time of his oral statement. Â After a hearing, the trial court denied
appellantÂs motion to suppress.[1]Â  He was subsequently convicted by a jury and
sentenced by the trial court to two years confinement.Â  Â Â 

Â Â Â Â Â Â Â Â Â Â Â  An oral
statement of an accused taken while in custody may not be used against him
unless he first received the warnngs set forth in art. 38.22 of the Code of
Criminal Procedure and Miranda v.
Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Â Four situations which may constitute custody
include: 1)Â  when the suspect is
physically deprived of his freedom in any significant way, 2) when a law
enforcement officer tells the suspect he cannot leave, 3) when law enforcement
officers create a situation which would lead a reasonable person to believe his
freedom of movement has been significantly restricted, and 4) when there is
probable cause to arrest and law enforcement officers do not tell the suspect
that he is free to leave.Â  Dowthitt v. State, 931 S.W.2d 244, 255
(Tex. Crim. App. 1996).Â  It is the fourth
situation upon which appellant relies.Â 
To be applicable, the officerÂs knowledge of probable cause must have
been manifested to the suspect. Id. That
can occur if information substantiating probable cause is related by the officer
to the suspect or by the suspect to the officer.Â  Id.Â  However, the manifestation of probable
cause must also be combined with other circumstances which would lead a
reasonable person to believe that he is under restraint to the degree
associated with an arrest.Â  Id.Â  

For purposes of this appeal, we assume arguendo that Davis improperly secured
the confession of appellant and that the trial court erred in denying the
motion to suppress.[2]Â  This does not end the inquiry, however, for
we must assess whether the error harmed appellant.Â  Because appellantÂs contention implicates a
constitutional right, authority obligates us to apply the harm analysis
specified in Rule 44.2(a) of the Texas Rules of Appellate Procedure.Â  Per the latter, we must reverse unless we determine
beyond a reasonable doubt that the mistake did not contribute to the conviction
or punishment.Â  Tex. R. App. P. 44.2(a); Martinez
v. State, No. 07-08-296-CR, 2010 Tex. App. Lexis 413 at *30 (Tex. App.ÂAmarillo January 21, 2010, no
pet. h.).Â  Moreover, such indicia as the
source and nature of the wrong, the extent, if any, that it was emphasized by
the State, and the potential weight which the jury could have assigned to the
inadmissible evidence when compared to the admissible evidence warrant
consideration.Â  Scott v. State, 227 S.W.3d 670, 690 (Tex. Crim. App. 2007).Â Â  

Â Â Â Â Â Â Â Â Â Â Â  Aside from appellantÂs
oral statement, the jurors heard the following evidence at trial.Â  Appellant had originally registered his
address as the Kentwood Apartments on Avenue Q in January 2008.Â  No changes in that address were ever reported
by him.Â  Nonethless, he began living with
a co-worker and his family in September of 2008 because he had nowhere else to
live.Â  The individual who served as manager
of the Kentwood Apartments at the time appellant had executed a lease testified
that he 1) remembered appellant failed to pay rent for July 2008, 2) noticed appellant
was no longer living in the apartment by the first of August 2008, 3) hired
some people in August of 2008 to remove the property left in the apartment, 4)
had the electricity turned off, and 5) changed the door locks.Â  When arrested in October of 2008, appellant
listed his address on the book-in sheet as being at a locale other than the
Kentwood Apartments.[3]Â  Those living across the hall from appellant
at the Kentwood Apartments informed Officer Davis in October of 2008 that
appellant had moved out several months earlier.Â 
And, on two occasions during the fall of 2008, officers had been unable
to serve appellant with an arrest warrant at the Avenue Q address.Â  This litany of evidence comprises a rather
large foundation upon which the jury could have relied in adjudicating
appellant guilty.Â  Indeed, it even
consists of appellantÂs own inculpatory words as captured in the book-in
sheet.Â  

Â Â Â Â Â Â Â Â Â Â Â  That the confession
sought to be suppressed was alluded to at least three times by the State in its
closing argment cannot be ignored.Â  Nor
can we ignore that oneÂs own confession of guilt can be assigned greater weight
by jurors for it removes doubt.Â  Yet, the
words uttered by appellant to Davis did not constitute the only confession
provided by appellant.Â  As previously
mentioned, he told those booking him after his arrest that he lived at an
address other than the one on Avenue Q, and the State alluded to that as well
in its closing argument.Â  So, even if the
confession to Davis was inadmissible, the jury remained free to legitimately
use appellantÂs own words (as they appeared in the booking sheet) against him.Â  So, it is difficult to say that any
impropriety expressed in the StateÂs closing argument had any more sway than
the legitimate words of the prosecutor.Â  This
seems especially true when, as here, the jury was instructed to disregard any
evidence it believed was obtained in violation of the law. 

Â Â Â Â Â Â Â Â Â Â Â  Simply
stated, we cannot but conclude that the evidence about which appellant
complains was redundant of other ample evidence establishing his guilt.Â  Though the better strategy is to eschew its
use, we, nonetheless, conclude beyond reasonable doubt from the record before
us that it failed to contribute to the juryÂs decision.Â  We do caution the State, however, against
using the harmless error rule as a justification for doing that which is
improper.Â  Never should the law be
breached to gain a conviction, especially by those sworn to uphold those laws. 

Â Â Â Â Â Â Â Â Â Â Â  Finding the
purported error harmless, we affirm the judgment.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Brian
Quinn 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Do not publish.Â Â  

Â 

Â 











[1]The
trial court did not specify the basis for its ruling, despite appellant having
filed a request for findings of fact and conclusions of law.Â  Nonetheless, appellant does not complain of
this failure on appeal.Â  





[2]The
State concedes in part that some of appellantÂs confession was improperly
secured.Â  





[3]Appellant
was arrested not only for failing to register as a sex offender but for his
outstanding traffic warrant.Â